**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sean Devon James, Appellant.

Appellate Case No. 2022-001279

---

Appeal From Florence County
Steven DeBerry, IV, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-070
Submitted February 1, 2024 – Filed March 6, 2024

---

**AFFIRMED**

---

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Solicitor General Robert D. Cook, and Deputy Solicitor General J. Emory Smith, Jr., all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

---

**PER CURIAM:** Sean Devon James appeals his convictions for armed robbery and grand larceny and sentence of twenty years' imprisonment. On appeal, James

argues the trial court erred by failing to suppress the victim's identification of him pursuant to *Neil v. Biggers*.[1] We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in refusing to suppress the victim's identification. *See State v. Liverman*, 398 S.C. 130, 137-38, 727 S.E.2d 422, 425 (2012) ("Whether an eyewitness identification is sufficiently reliable is a mixed question of law and fact."); *id.* at 138, 727 S.E.2d. at 425 ("In reviewing mixed questions of law and fact, where the evidence supports but one reasonable inference, the question becomes a matter of law for the court."); *id.* ("Generally, the decision to admit an eyewitness identification is at the trial [court]'s discretion and will not be disturbed on appeal absent an abuse of discretion."). Although the trial court found the identification procedure used by police was suggestive and unnecessary, its finding that the victim's identification was reliable, under the totality of the circumstances, was supported by the evidence and therefore not an abuse of discretion. *See State v. Moore*, 343 S.C. 282, 286, 540 S.E.2d 445, 447 (2000) ("A criminal defendant may be deprived of due process of law by an identification procedure which is unnecessarily suggestive and conducive to irreparable mistaken identification."); *id.* at 287, 540 S.E.2d. at 447 (explaining courts utilize a two-prong inquiry to determine the admissibility of eyewitness identification testimony, asking first "whether the identification process was unduly suggestive," and if so, "whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed" (quoting *Curtis v. Commonwealth*, 396 S.E.2d 386, 388 (Va. Ct. App. 1990))); *State v. Brown*, 356 S.C. 496, 504, 589 S.E.2d 781, 785 (Ct. App. 2003) ("Single person show-ups are disfavored because they are suggestive by their nature."); *State v. Wyatt*, 421 S.C. 306, 313, 806 S.E.2d 708, 711 (2017) (holding circumstances that "may make suggestive police identification procedures necessary [include]: 'where it occurs shortly after the alleged crime, near the scene of the crime, as the witness' memory is still fresh, and the suspect has not had time to alter his looks or dispose of evidence, and the showup may expedite the release of innocent suspects, and enable the police to determine whether to continue searching.'" (quoting *Gibbs v. State*, 403 S.C. 484, 494, 744 S.E.2d 170, 175 (2013))); *Moore*, 343 S.C. at 289, 540 S.E.2d at 448-49 (explaining the factors to be considered in evaluating whether the identification was sufficiently reliable, such that no substantial likelihood of misidentification existed include: "[t]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation,

---

[1] 409 U.S. 188 (1972).

and the length of time between the crime and the confrontation." (quoting *Neil v. Biggers*, 409 U.S. at 199-200)); *State v. Patterson*, 337 S.C. 215, 229, 522 S.E.2d 845, 852 (Ct. App. 1999) ("Reliability is the linchpin in determining the admissibility of identification testimony.").

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.